```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        -against-                    MEMORANDUM & ORDER
                                     08-CR-0655 (JS)
CHRISTIAN GEROLD TARANTINO,

                Defendant.
----------------------------------X
APPEARANCES:
For the Government: Carrie Nicole Capwell, Esq.
                    James M. Miskiewicz, Esq.
                    Sean C. Flynn, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Diarmuid White, Esq.
                    White & White
                    148 East 78th Street
                    New York, NY 10021

                    Frank Anthony Doddato, Esq.
                    Law Offices of Frank A. Doddato, PC
                    666 Old Country Road, Suite 501
                    Garden City, NY 11530

                    Stephen Rosen, Esq.
                    Stephen H. Rosen, P.A.
                    100 Almeria Avenue, Suite 205
                    Coral Gables, FL 33134
```

SEYBERT, District Judge:

Christian Gerold Tarantino ("Tarantino" or the "Defendant") moves to disqualify Assistant United States Attorney James M. Miskiewicz ("AUSA Miskiewicz") from prosecuting this case because Tarantino intends to call AUSA Miskiewicz as a witness. (Def. Br. 1.) Tarantino argues that AUSA Miskiewicz's testimony is admissible under the same

rationale that the Court used in concluding earlier that Tarantino could offer statements made by then-Assistant United States Attorney James Conway. (Id.) Familiarity with the facts of this case and the Court's earlier ruling (the "Conway Ruling") is presumed.

DISCUSSION

Contrary to Defendant's position, the Conway Ruling does not compel the conclusion that Defendant may call AUSA Miskiewicz to testify about Joseph Pistone's plea allocution. The thrust of the Conway Ruling was that Defendant could present evidence that the Government once believed someone whose account of the Dorval murder was inconsistent with its theory in this prosecution, including that Dorval was killed for reasons unrelated to fears that he would cooperate with federal authorities. Unlike his brother's account of the Dorval murder, Joseph Pistone's account is not inconsistent with the Government's position in this case; although Joseph Pistone allocuted to shooting Dorval, the Government has never claimed that Defendant actually fired the fatal bullet. (See Indictment, Docket Entry 1 (charging Defendant with the Dorval murder under, among others, the aiding and abetting statute).)

Moreover, if Defendant thinks that either Joseph or Peter Pistone can exculpate Defendant, he may call them to testify (subject to further rulings on Defendant's or the

Government's ability to re-litigate the Dorval murder). In short, Defendant has not presented a legitimate or compelling reason to call AUSA Miskiewicz as a witness. See, e.g., United States v. Bin Laden, 91 F. Supp. 2d 600, 622-23 (S.D.N.Y. 2000).

CONCLUSION

The Court orders the following: Defendant's motion to disqualify AUSA Miskiewicz (Docket Entries 284 & 285) is DENIED; the Government's request to preclude Defendant from offering the minutes from Joseph Pistone's plea proceeding (Docket Entry 289) is DENIED WITHOUT PREJUDICE; and if either party intends to move in limine concerning Defendant's ability to re-litigate the Baumgardt or Dorval murders, it shall do so by December 1, 2011.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  22 , 2011
       Central Islip, New York