UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

       -against-

CHRISTIAN GEROLD TARANTINO,

       Defendant.
----------------------------------X

MEMORANDUM & ORDER
08-CR-0655 (JS)

APPEARANCES:
For the Government: Carrie Nicole Capwell, Esq.
                  James M. Miskiewicz, Esq.
                  Sean C. Flynn, Esq.
                  United States Attorney's Office
                  610 Federal Plaza
                  Central Islip, NY 11722

For Defendant:    Diarmuid White, Esq.
                  White & White
                  148 East 78th Street
                  New York, NY 10021

                  Frank Anthony Doddato, Esq.
                  Law Offices of Frank A. Doddato, PC
                  666 Old Country Road, Suite 501
                  Garden City, NY 11530

                  Stephen Rosen, Esq.
                  Stephen H. Rosen, P.A.
                  100 Almeria Avenue, Suite 205
                  Coral Gables, FL 33134

SEYBERT, District Judge:

       There are two motions pending before the Court. First, the Government asks that the Court (a) sentence Tarantino on Counts One and Two prior to January 3, 2012, and (b) allow the Government to introduce certified copies of the Judgment and Commitment Order at Tarantino's retrial. (Docket Entry 287). Second, the Defendant asks the Court to clarify that collateral

estoppel does not prevent him from defending against evidence of his involvement in the Baumgardt and Dorval murders. (Docket Entry 293.) The Court addresses each without rehashing the underlying facts, with which the reader's familiarity is presumed.

The Government's motion is denied. There is no serious dispute that evidence of Tarantino's guilt on Counts One and Two is relevant to whether he killed Gargiulo with intent to prevent him from communicating with the FBI about the Baumgardt and Dorval murders. But relevant evidence is inadmissible if its probative value is substantially outweighed by its prejudicial effect. FED. R. EVID. 403. Proof of a defendant's prior convictions carries a special risk of undermining the presumption of innocence. United States v. McCallum, 584 F.3d 471, 476 (2d Cir. 2009). This is because prior convictions are more likely to be received as propensity evidence than other bad acts evidence "because they bear the imprimatur of the judicial system and indicia of official reliability." Id. In this case, the risk that proof of Tarantino's convictions on Counts One and Two will undermine the presumption that he is innocent of Counts Three and Four substantially outweighs the evidentiary value of that proof, particularly in light of the raft of other evidence linking Tarantino to the Baumgardt and Dorval murders. Accordingly, the Court will not order an expedited pre-

sentencing investigation or sentence Tarantino before the retrial.[1] Nothing in this Order, however, should be read as preventing the Government from offering rebuttal evidence should the defense suggest falsely that Tarantino was not tried on Counts One or Two, that a jury did not find him guilty on Counts One or Two, or that he is not awaiting sentencing on Counts One or Two.

The Defendant's motion is granted insofar as both parties and the Court agree that collateral estoppel does not preclude Tarantino from contesting his role in the Baumgardt and Dorval murders during the retrial. Gov. Reply 5; see United

---

[1] Although it denies the Government's motion pursuant to Evidence Rule 403, the Court notes that practical considerations would have made the Government's request impossible in any event. The Court set a firm date for the retrial, which will start in less than a month. Even assuming that Tarantino waives his thirty-five day period for reviewing the pre-sentence investigation report, FED. R. CRIM. P. 32(e)(2), there is not enough time before trial for the Probation Department to prepare that report or for Tarantino to review it meaningfully.

The Court declines the Government's suggestion for a short adjournment to permit Tarantino and his counsel to prepare for an expedited sentencing. (Gov. Reply 3 n.2.) Tarantino fairly understood that he would not be sentenced until after a retrial, and a delay long enough to provide his lawyers with a meaningful opportunity to prepare for sentencing would be long enough to push the retrial into conflicts with other matters on the Court's calendar, upset both parties' witness schedules, and undermine the idea that criminal cases must be resolved speedily. To be clear, however, the Court rejects Tarantino's characterization of the Government's tactics as dilatory (Def. Opp. 1) in light of, among other things, the defense's repeated requests to delay submitting its post-trial briefs (Docket Entries 263; 265; 274) and Tarantino's new trial counsel's other trial commitments.

States v. Gallardo-Mendez, 150 F.3d 1240, 1246 (10th Cir. 1998); United States v. Pelullo, 14 F.3d 881, 896 (3d Cir. 1994). As a general proposition, evidence that Tarantino was or was not involved in those murders is relevant to his alleged motive for the Gargiulo murder. To state the obvious, though, particular items of evidence on these points are subject to further evidentiary rulings during the course of trial.

## CONCLUSION

For the foregoing reasons, the Government's motion (Docket Entry 287) is DENIED. The Defendant's motion (Docket Entry 293) is GRANTED to the extent that collateral estoppel does not prevent him from contesting his role in the Baumgardt and Dorval murders at the retrial.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 8, 2011
Central Islip, New York